UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CORNELL McCREARY,

        Plaintiff,                  Case No. 2:09-cv-103

v.                                    Honorable R. Allan Edgar

JENNIFER GRANHOLM et al.,

        Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Discussion**

I.        Factual allegations

Plaintiff is currently incarcerated at Baraga Maximum Correctional Facility (AMF) serving a fifteen to twenty-five year term of incarceration for aggravated stalking, MICH. COMP. LAWS § 750.411i. He sues the President of the United States Barack H. Obama, United States District Judge for the Eastern District of Michigan Paul V. Gadola, United States Attorney Eric. H. Holder, Jr., Governor Jennifer Granholm, Michigan Court of Appeals Judge Kristen Frank Kelly, Michigan Circuit Judge Arthur J. Lombard, Michigan Attorney General Mike Cox, Michigan Assistant Attorney General Thomas C. Cameron, Wayne County Prosecutor Kym Worthy, Wayne County Assistant Prosecutors Duane B. Brown and Molly A. Kettler, and Michigan Attorney Grievance Administrator Robert L. Agacinski.

Plaintiff was charged with assault with intent to maim his wife or girlfriend, Chalkney Perry. (Am. Compl. at 1, docket #4.) According to Plaintiff, that case was dismissed because Perry refused to testify and the police lost the evidence supporting the charges. (*Id.*) After that case was dismissed, Perry's sister, Ennick Reese, sought a Personal Protection Order (PPO) against Plaintiff for stalking her. (*Id.*) Plaintiff alleges that Judge Lombard, violated his constitutional rights by granting an ex-parte PPO on October 5, 2000, thereby restraining his freedom without due process. (*Id.* at 6-7.) Plaintiff alleges that in December of 2000, the Wayne County Prosecutor's Office conspired with Reese to fabricate charges of stalking in retaliation for the charges for stalking Perry that were dismissed. (*Id.* at 7.) Plaintiff alleges that Defendant Brown knew that Reese was lying in her testimony to have Plaintiff bound over for trial. (*Id.* at 8.) Plaintiff asserts that Defendant

Kettler knew that Reese was testifying falsely at trial about Plaintiff maiming Perry. (*Id.*) Plaintiff was convicted.

Plaintiff filed a direct appeal of his conviction with the Michigan Court of Appeals. Plaintiff asserts that Defendant Judge Kelly conspired to deprive him of his constitutional rights by denying Plaintiff the relief he sought. (*Id.* at 9.) Plaintiff asserts that Defendant United States District Judge Gadola blocked Plaintiff's access to the court by transferring his second or successive habeas petitions to the United States Sixth Circuit. (*Id.* at 9; Ex. L, docket #1-2 at 57.)

Plaintiff alleges he was "beat up" by the Wayne County Sheriff's Office[1] and that the Wayne County Prosecutor's office failed to protect Plaintiff by filing criminal charges after Plaintiff reported the incident. (Am. Pet. at 9-10.) Plaintiff also asserts that Defendant Governor Granholm, in her former position as Attorney General of Michigan also violated his rights by failing to file a criminal action against the Wayne County Sheriff's Office. (*Id.* at 10.)

Plaintiff asserts that Defendants President Obama, Holder, Cox, Cameron, Kettler, Worthy, and Brown violated his rights because they did not protect him by filing criminal charges against the prosecutors and judges involved in the prosecution of Plaintiff for stalking Reese. (Am. Compl. at 10-11.) Plaintiff alleges that he contacted Defendant Agacinski in 2003, 2005, 2006, 2008 and 2009 complaining about Defendants Granholm, Worthy, Kettler and Cameron's prosecution of Plaintiff. (Am. Compl. at 11; Ex. U, docket #1-3 at 43-51.)

Plaintiff alleges that the above listed actions of each Defendant violated his First and Fourteenth Amendment rights of access to the courts, his Fourteenth Amendment right not to be placed in double jeopardy, his Eighth Amendment right to be protected and his Due Process rights.

---

[1] Plaintiff has not sued the Wayne County Sheriff's Office or it's employees in this action.

(Am. Compl. at 12.) Plaintiff also asserts claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) against the Defendants who are federal agents for blocking his access to the courts, deliberate indifference, and violations of his due process and equal protections rights. (*Id.* at 13.)

Plaintiff seeks injunctive relief against Defendants Granholm, Kelly, Lombard, Cox, Agacinski, Obama and Holder in their official capacities and monetary damages against them in their personal capacities. (*Id*. at 15.) Plaintiff seeks injunctive and monetary relief against Defendants Worthy, Cameron, Brown, Kettler and Gadola in their official and personal capacities. (*Id.*)

II.  Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the

court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. *Challenge to Conviction*

Plaintiff's claims against Defendants Kelly, Lombard, Brown, Kettler, Kelly, Gadola, Granholm, Worthy, Kettler and Cameron concern the circumstances of his conviction, the state appeal of his conviction, and the denial of federal habeas relief from his conviction. A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). Therefore, to the extent that Plaintiff's complaint challenges the fact or duration of his incarceration, it must be dismissed. *See Barnes v. Lewis*, No. 93-5698, 1993 WL 515483, at *1 (6th Cir. Dec. 10, 1993) (dismissal is appropriate where § 1983 action seeks equitable relief and challenges fact or duration of confinement); *see also Moore v. Pemberton*, 110 F.3d 22, 23-24 (7th Cir. 1997) (reasons for not construing a § 1983 action as one seeking habeas relief include (1) potential application of

*Heck v. Humphrey*, 512 U.S. 477 (1994), (2) differing defendants, (3) differing standards of § 1915(a)(3) and § 2253(c), (4) differing fee requirements, (5) potential application of second or successive petition doctrine or three-strikes rules of § 1915(g)).

To the extent Plaintiff seeks injunctive, declaratory and monetary relief for alleged violations of Constitutional rights, those claims are also barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997) (emphasis in original). In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an allegedly unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87 (footnote omitted). The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief. *See Edwards*, 520 U.S. at 646-48 (declaratory relief); *Clarke v. Stalder*, 154 F.3d 186, 189-90 (5th Cir. 1998) (claim for injunctive relief intertwined with request for damages); *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (injunctive relief). Plaintiff's allegations clearly call into question the validity of his conviction. Therefore, his action is barred under *Heck* until his criminal conviction has been invalidated.

### B. *Immunity*

i. <u>Judicial Immunity</u>

Plaintiff alleges that Judge Lombard violated his right to due process when he issued an *ex parte* PPO against Plaintiff. (Am. Compl. at 6-7.) Plaintiff claims that Judge Kelly violated his due process rights when she affirmed Plaintiff's conviction on appeal. (*Id.* at 9.) Plaintiff asserts that Judge Gadola violated his constitutional right to access the court when he transferred Plaintiff's second or successive habeas petitions to the Sixth Circuit. (*Id.*)

Generally, a judge is absolutely immune from a suit for monetary damages. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) ("it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of person consequences to himself"); *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Absolute judicial immunity may be overcome in only two instances. First, a judge is not immune from liability for non-judicial actions, i.e., actions not taken in the judge's judicial capacity. *Mireles*, 502 U.S. at 11. Second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction. *Id.* at 12.

Plaintiff's allegations clearly fail to implicate either of the exceptions to judicial immunity. There is no doubt that the Judges' actions in issuing a PPO, denying Plaintiff's appeal and transferring Plaintiff's second or successive habeas petitions were judicial acts and that the Judges were acting within their jurisdiction in doing so. Accordingly, Judges Lombard, Kelly and Gadola are absolutely immune from liability. Because Judges Lombard, Kelly and Gadola are clearly

immune from liability in this case, Plaintiff may not maintain an action for monetary damages against them. 28 U.S.C. § 1915(e)(2)(B)(iii).

        ii.        <u>Prosecutorial Immunity</u>

Defendants Brown and Kettler are also entitled to absolute immunity for their actions in prosecuting the criminal action against Plaintiff. The Supreme Court embraces a functional approach to determining whether a prosecutor is entitled to absolute immunity. *Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Forrester v. White*, 484 U.S. 219, 229 (1988); *accord Lomaz v. Hennosy*, 151 F.3d 493, 497 (6th Cir. 1998). Under a functional analysis, a prosecutor is absolutely immune when performing the traditional functions of an advocate. *Kalina*, 522 U.S. at 130; *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2003); *Grant v. Hollenbach*, 870 F.2d 1135, 1137 (6th Cir. 1989). The Supreme Court has held that a prosecutor is absolutely immune for the initiation and pursuit of a criminal prosecution. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Lomaz*, 151 F.3d at 497. Acts which occur in the course of the prosecutor's role as advocate are entitled to protection of absolute immunity in contrast to investigatory or administrative functions that are normally performed by a detective or police officer. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 276-78 (1993); *Grant*, 870 F.2d at 1137. In the Sixth Circuit, the focus of the inquiry is how closely related the prosecutor's conduct is to his role of an advocate intimately associated with the judicial phase of the criminal process. *Spurlock*, 330 F.3d at 797; *Ireland v. Tunis*, 113 F.3d 1435, 1443 (6th Cir. 1997). Obviously, bringing a criminal prosecution against Plaintiff is part of the prosecutor's role as an advocate. Accordingly, Defendants Brown and Kettler are entitled to immunity.

### C. *Defendants Obama, Granholm, Holder, Cox, Cameron, Kettler, Worthy, Brown, and Agacinski*

Plaintiff asserts that Defendants Obama, Granholm, Holder, Cox, Cameron, Kettler, Worthy, and Brown violated his constitutional rights and "failed to protect" him because they did not file criminal charges against the prosecutors and judges involved in the matter charging Plaintiff with stalking Reese. (Am. Compl. at 10-11.) Plaintiff states that he wrote grievances to Defendant Agacinski complaining about the prosecutorial misconduct of Defendants Kettler and Cameron, Defendant Worthy's involvement in his prosecution and against Defendant Granholm. (*Id.* at 11; Ex. U, docket #1-3 at 43-51.) Plaintiff alleges that Defendant Agacinski "failed to protect" Plaintiff because Defendant Agacinski did not discipline Defendants Kettler, Cameron, Worthy and Granholm.[2] (Am. Compl. at 10-11.)

Plaintiff is alleging that these Defendants violated his constitutional rights because they failed to pursue a criminal prosecution of other Defendants. A private citizen "lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Diamond v. Charles*, 476 U.S. 54, 63 (1986). Simply put, Plaintiff cannot compel a criminal prosecution of Defendants because

---

[2] Plaintiff states that Defendants Obama, Granholm, Holder, Cox, Cameron, Kettler, Worthy, Brown, and Agacinski "failed to protect" him, which alludes to a violation of the Eighth Amendment's prohibition of "cruel and unusual punishments." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-527 (1984)). (Am. Compl. at 10-11.) However, Plaintiff's allegations cannot substantiate a claim for the violation of the Eighth Amendment. To establish liability under the Eighth Amendment for a claim based on a failure to prevent harm to a prisoner, plaintiffs must show that the defendants acted with "deliberate indifference" to a substantial risk that the defendant would cause prisoners serious harm. *Farmer,* 511 U.S. at 834; *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Woods v. Lecureux*, 110 F.3d 1215, 1222 (6th Cir. 1997); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir.1996); *Taylor v. Mich. Dep't of Corr.* 69 F.3d 76, 79 (6th Cir.1995). *See Curry v. Scott*, 249 F.3d 493, 506 (6th Cir. 2001). Plaintiff alleges that he was assaulted by the Wayne County Sheriff's Office on September 4, 1998. (Am. Compl. at 9; Ex. N, docket #1-3 at 2-9.) He also submits documentation of another incident over three years later on January 10, 2002. (*Id.* at 11-16.) However, Plaintiff does not indicate specifically who was involved. Moreover, Plaintiff does not allege that he told any of the Defendants about this incident. He only submits an undated letter from his mother to the Wayne County Sheriff's Office, who is not a Defendant in this matter. (*Id*. at 10.) Therefore, Plaintiff has failed to state a claim against Defendants Obama, Granholm, Holder, Cox, Cameron, Kettler, Worthy, Brown and Agacinski for violations of the Eighth Amendment.

private citizens, whether or not they are incarcerated, cannot compel a criminal prosecution of another. *See Diamond v. Charles*, 476 U.S. 54, 64-65 (1986); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Martin v. Koljonen*, No. 03-2169, 2004 WL 445720, at *1 (6th Cir. Mar. 9, 2004). Therefore, Plaintiff fails to state a claim against Defendants Obama, Granholm, Holder, Cox, Cameron, Kettler, Worthy, Brown and Agacinski.

### Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

Dated:      7/10/09                            /s/ R. Allan Edgar
                                               R. Allan Edgar
                                               United States District Judge